## JAMES CARNEY & another *vs.* SETH DEWING.

An action for money had and received will lie against the assignee of an insolvent debtor under *St.* 1838, *c.* 163, who refuses, upon demand made, to pay a creditor the dividend ordered by the master in chancery out of the estate.

ASSUMPSIT for money had and received, against the assignee of one Shubael Bills, an insolvent debtor, to recover the sum of $14.74, the amount of a dividend due the plaintiffs, as late copartners, from the defendant. The defendant admitted that prior to the commencement of this action, he had rendered an account of assets before the master in chancery, and that a dividend was ordered by said master of eight per cent. on claims proved against said insolvent's estate, and that the amount of dividend the defendant was ordered to pay the plaintiffs was $14.74. The plaintiffs gave their attorney an order on the defendant for the amount of said dividend; said attorney presented said order to the defendant before the commencement of this action; said defendant refused to pay said order. He did not deny that he had said dividend and said he would pay a part of the dividend; said attorney refused to take a part, but demanded the whole. The said Carney, one of the plaintiffs, called with said attorney on the defendant, and before the commencement of this action, and demanded the said dividend, but the defendant refused to pay the same; said he would pay Carney's part, but not Sullivan's (the other plaintiff); said he had a claim against said Sullivan for rent due a Mr. Read, of whom he, defendant, was agent. Said attorney and said Carney declined taking a part, but demanded the whole. It was admitted that the estate of Shubael Bills is unsettled and another dividend may be ordered.

The foregoing facts were submitted to the court of common pleas, and by appeal to this court, and if in the opinion of the court said action can be maintained, judgment is to be for the plaintiffs, otherwise for the defendant.

*J. F. Woodside*, for the plaintiffs.

*J. W. May*, for the defendant.

BIGELOW, J. We are of the opinion that, upon the facts

agreed in this case, the plaintiffs are entitled to maintain this action.   Under our insolvent laws, after the proof of a debt by a creditor and an order by the master or commissioner for a dividend, no other duty remains for the assignee to perform in relation to such dividend but to pay over to the creditor the amount due to him by virtue thereof.   The assignee then holds the money for the use of each creditor who has proved his claim in the share or proportion to which he is entitled under the order for the dividend, and is bound to pay over the same accordingly upon demand. If he refuses so to do, he is then liable to an action therefor, because he has a specific sum of money in his hands belonging to the plaintiff, which he wrongfully withholds.   In such a case, upon the most familiar principles, the action for money had and received, which is the proper remedy when a party has received money which in equity and good conscience he ought to pay over to another, may well be maintained.

We are unable to see the force of the argument, urged in behalf of the defendant, that it would be inconsistent with the provisions of the insolvent acts and the policy of the law to suffer a party to have this remedy against an assignee, who had refused to pay over a dividend.   The general provision in *St.* 1838, *c.* 163, § 18, conferring equity jurisdiction on this court in cases arising under that act, was not intended to give a specific and exclusive remedy, so that a party could in no case avail himself of his common law rights against an assignee.   A petition or bill in equity would be the proper remedy, if there was any conflict of right or title between the assignee and the several creditors in regard to the assets of the insolvent.   But in the case at bar there is no such conflict.   Here there is a plain and simple duty to be performed by one party to another, in which the rights of others are not involved, and to enforce which the common law gives a more direct, simple, and efficacious remedy than can be had in a court of equity.   *Fitch* v. *Workman,* 9 Met. 517.   The counsel for the defendant was in error in supposing that this action did not lie at common law in England against an assignee of a bankrupt in favor of a creditor to recover the amount of a

dividend.    After the decision in *Brown* v. *Bullen,* 1 Doug. 408, it was very common to proceed by action of assumpsit, until the enactment of the *St.* of 49 Geo. III. *c.* 135, § 12, which prescribed a petition to the chancellor as the exclusive remedy in such cases, and expressly prohibited an action at law. 1 Mont. Bank. Law, 325, *note.*

It was suggested that inasmuch as it had been held in *Colby* v. *Coates,* 6 Cush. 558, that an assignee under the insolvent laws was not liable to be charged as trustee of a creditor of the insolvent, therefore the creditor could not maintain an action at law against an assignee to recover his dividend. But this consequence by no means follows.    The rule has always been (except in cases where it has been changed by statute) that persons deriving their authority from the law, and obliged to execute it according to law, such as sheriffs, executors, guardians, and the like, are not liable to the trustee process.    And yet these same persons have always been held liable to suits at law, in favor of those entitled to money in their hands, when it has been wrongfully withheld.

*Judgment for the plaintiffs.*